**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF     :

MANUEL A. DUENO BERRIOS AND :  CASE NO. 07-00806(SEK)
GLORIA M. TAPIA BERNAL,
  DEBTORS      :  CHAPTER 13 FILED & ENTERED

------------------------------

JAN 2 5 2008

**OPINION AND ORDER**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

There are three matters pending before the court: (1) Debtors' objection to claim #4 filed by Banco Santander de P.R. ("Bank"); (2) the Bank's motion to dismiss pursuant to 11 U.S.C. § 109(e); and, (3) the Bank's objection to confirmation of the amended plan dated September 10, 2007. For reasons that follow we deny Debtors' objection to claim and dismiss the case.

**Uncontested Facts**

The Bank filed a general unsecured claim for $392,082.16 stemming from a judgment dated February 20, 2007, in a suit for collection of money filed in the Insular Courts of Puerto Rico. Debtors filed this petition on February 21, 2007. This judgment was entered on March 26, 2007, a month and five days after entry of the order of relief in this case. The judgment and other documents the Bank attached to its proof of claim show the debt arose from a commercial loan granted to MD Food & Beverage of Puerto Rico, Inc., co signed by the debtors and guaranteed by the Small Business Administration.



### Discussion

Debtors argue the Bank's claim should be disallowed and expunged from the record for the following two reasons. First, entry of the Insular Court judgment occurred after entry of the automatic stay, thereby invalidating its notice to the parties and precluding it from becoming final. Second, the Bank rejected an offer and refused to negotiate debt repayment terms violating 11 U.S.C. § 502(k). Hence, after a hearing we should reduce the Bank's claim by not more than 20%.

We view the entry of judgment here as a "routine scrivening, such as recordation or entry on the docket, follow[ing] on the heels of [the] judicial decision". In re Soares, 107 F.3d 969, 974 (1st Cir. 1997). The judicial function terminated when the Insular Court judge signed her opinion in favor of the Bank on February 20, 2007. Entry of that judgment and notice to the parties was a ministerial act performed by the Clerk of that Court initiating the period for an appeal.

While it might be argued that this judgment is not final due to interruption of the time to appeal by the effects of the automatic stay, the fact remains that Debtors have failed to meet their initial burden of rebutting the presumption that the proof of claim is prima facie evidence of the validity and the amount of the claim. 11 U.S.C. § 502; FRBP 3001(f); 4 Collier On

2

Bankruptcy ¶502.03[3][f] (15th ed. rev.). See also Whitney v. Dresser, 200 U.S. 532, 535 (1906) and In re Equipment Serv., Ltd., 36 B.R. 241, 244 (D. Ala. 1983). Debtors have not taken any steps to estimate the claim for purposes of confirmation and/or section 109(e) qualification.

Debtors' second argument for disallowance of the Bank's claim is spurious, as §502(k) applies to "consumer debts". 4 Collier On Bankruptcy ¶ 502.12 (15th ed. rev.). A "consumer debt" is defined as one "that is incurred by an individual primarily for a personal, family, or household purpose". 11 U.S.C. § 101(8). Documents attached to the proof of claim show the debt was a commercial loan granted to a corporation, guaranteed by SBA and cosigned by the Debtors.

WHEREFORE, we deny Debtors' objection to claim #4 and dismiss the case, as Debtors do not qualify for Chapter 13 protection in bankruptcy, as 11 U.S.C. § 109(e) caps the noncontingent, liquidated unsecured debts of petitioners at $307,675. All other pending matters are moot. The Trustee is awarded costs allowed by law since the plan was not confirmed, and shall file a final report and account in a dismissed case as soon as possible.

SO ORDERED, in San Juan, Puerto Rico, on January 24, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge